## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMES CRAWFORD, | : | |
| *Plaintiff,* | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 25-CV-4488 |
| | : | |
| JOHN ZILLMER, | : | |
| *Defendant.* | : | |

### MEMORANDUM

**Pappert, J.**                                                        **October 29, 2025**

James Crawford, currently incarcerated by the Yakima County Department of
Corrections in Washington, commenced this civil action by filing a *pro se* Complaint
(Dkt. No. 2) asserting violations of his First, Fifth, and Eighth Amendment rights and
naming as the lone defendant the Chief Executive Officer of Aramark Corporation,
John Zillmer.[1]  Crawford also seeks leave to proceed *in forma pauperis*.  (Dkt. No. 5.)
For the following reasons, the Court will grant Crawford leave to proceed *in forma
pauperis* and dismiss his Complaint.

---

[1]  In his Complaint, Crawford refers to Zillmer as the "Commissioner" of Aramark (*see, e.g.*,
Dkt. No. 2 at 2), but the Court takes judicial notice that Zillmer serves as the CEO of
Aramark.  *See* Aramark.com, *Our Leadership*, https://www.aramark.com/about-us/our-
difference/leadership (last visited October 28, 2025).  The Court also understands that, for
the purposes of venue, Crawford alleges that Zillmer's acts occurred at Aramark's
headquarters within the Eastern District of Pennsylvania.  *See id.*

I[2]

Crawford alleges that Zillmer "has ordered his employees . . . to violate [Crawford's] right to be adequately fed[] his Jewish kosher diet.  Instead of providing [Crawford] with his kosher diet, [Zillmer] has been selling the kosher diets [in the] commissary, forcing [Crawford,] who is Jewish, to eat a[n] ovo lacto diet," and further that Zillmer "has claimed[] that the Jewish Society has told him that the ovo lacto diet is the same as the Jewish kosher diet."  (Compl. at 5.)  Crawford states that he went on a hunger strike from January 1 to January 8, 2025, "as a protest because of Aramark's refusal to provide him with a kosher diet as outlined in Jewish dietary laws."  (*Id.*)  He asserts that "Aramark . . . are inadequately feeding [him] and still refuse to provide him with his diet.  But Aramark sells the kosher meals [in] in the [Yakima County Correctional] Facility commissary by order of . . . Zillmer."  (*Id.*)

Crawford claims that he was injured because the "medical department refused to give a medical evaluation for weight loss, and refused to give a psychiatric evaluation to determine if [Crawford] was suffering psychologically and mentally."  (*Id.* at 6.)  He seeks $100 million in damages and an injunction ordering that "the kosher diet be provided to those who are Jewish, and to those who choose to follow Jewish dietary laws."  (*Id.*)

---

[2]  The facts set forth in this Memorandum are taken from Crawford's Complaint (Dkt. No. 2).  The Court adopts the pagination assigned to the Complaint by the CM/ECF docketing system.  Additionally, the Court takes judicial notice of facts reflected in publicly available court records.  *See Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006).

II

The Court will grant Crawford leave to proceed *in forma pauperis* because it appears that he is incapable of paying the fees to commence this civil action.[3] Accordingly, 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss his Complaint if it fails to state a claim. The Court applies the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), that is, whether a complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Talley v. Wetzel*, 15 F.4th 275, 286 n.7 (3d Cir. 2021). At the screening stage, the Court will accept the facts alleged in the *pro se* Complaint as true, draw all reasonable inferences in the Plaintiff's favor, and "ask only whether that complaint, liberally construed, contains facts sufficient to state a plausible claim." *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (cleaned up), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024). Conclusory allegations do not suffice. *See Iqbal*, 556 U.S. at 678; *see also Martinez v. UPMC Susquehanna*, 986 F.3d 261, 266 (3d Cir. 2021) ("A plaintiff cannot survive dismissal just by alleging the conclusion to an ultimate legal issue.").

As Crawford is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)). The Court will "apply the relevant legal principle

---

[3] Because Crawford is incarcerated, he will be obligated to pay the filing fee in installments in accordance with the Prison Litigation Reform Act. *See* 28 U.S.C. § 1915(b).

even when the complaint has failed to name it." *Id.* However, "pro se litigants still must allege sufficient facts in their complaints to support a claim." *Id.* (quoting *Mala*, 704 F. 3d at 245). An unrepresented litigant "cannot flout procedural rules—they must abide by the same rules that apply to all other litigants." *Id.*

At this stage, "a court must consider only the complaint, exhibits attached to the complaint, matters of public record, as well as undisputedly authentic documents if the complainant's claims are based upon these documents." *Mayer v. Belichick*, 605 F.3d 223, 230 (3d Cir. 2010). The Court may also take judicial notice of prior court proceedings. *See In re Ellerbe*, No. 21-3003, 2022 WL 444261, at *1 (3d Cir. Feb. 14, 2022) (*per curiam*) (citing *Oneida Motor Freight, Inc. v. United Jersey Bank*, 848 F.2d 414, 416 n.3 (3d Cir. 1988)); *see also Weinberg v. Scott E. Kaplan, LLC*, 699 F. App'x 118, 120 (3d Cir. 2017), *as amended* (Sept. 14, 2017) ("With respect to affirmative defenses, such as res judicata, dismissal is proper if application of the defense is apparent on the face of the complaint; we may also look beyond the complaint to public records, including judicial proceedings." (citation omitted)); *Gimenez v. Morgan Stanley DW, Inc.*, 202 F. App'x 583, 584 (3d Cir. 2006) (*per curiam*) (observing that "*[r]es judicata* is a proper basis for dismissal under 28 U.S.C. § 1915(e)(2)(B)").

## III

Crawford's Complaint will be dismissed under the doctrine of claim preclusion, based on a prior lawsuit he filed in the United States District Court for the Eastern District of Washington. *See Crawford v. Yakima County Jail*, No. 25-3009 (E.D. Wash.) "Claim preclusion—which some courts and commentators also call *res judicata*— protects defendants from the risk of repetitive suits involving the same cause of action

4

once a court of competent jurisdiction has entered a final judgment on the merits."
*Beasley v. Howard*, 14 F.4th 226, 231 (3d Cir. 2021) (internal quotations omitted).
Claim preclusion prevents parties from raising issues that could have been raised and
decided in a prior case regardless of whether those issues were litigated.  *Id.*  In other
words, "[t]he prior judgment's preclusive effect . . . extends not only to the claims that
the plaintiff brought in the first action, but also to any claims the plaintiff could have
asserted in the previous lawsuit."  *Id.* at 231-32.  "Claim preclusion similarly reaches
theories of recovery: a plaintiff who asserts a different theory of recovery in a separate
lawsuit cannot avoid claim preclusion when the events underlying the two suits are
essentially the same."  *Id.* at 232; *see also Sheridan v. NGK Metals Corp.*, 609 F.3d 239,
261 (3d Cir. 2010) ("Rather than resting on the specific legal theory invoked, res
judicata generally is thought to turn on the *essential similarity* of the underlying events
giving rise to the various legal claims." (quoting *United States v. Athlone Indus.*, 746
F.2d 977, 983-84 (3d Cir. 1984))).

Three elements are required for claim preclusion to apply: "(1) a final judgment
on the merits in a prior suit involving (2) the same parties or their privies and (3) a
subsequent suit based on the same cause of action."  *Marmon Coal Co. v. Dir., Office
Workers' Comp. Programs.*, 726 F.3d 387, 394 (3d Cir. 2013) (internal quotation marks
omitted).  "In evaluating whether those elements exist, we do not proceed mechanically,
'but focus on the central purpose of the doctrine, to require a plaintiff to present all
claims arising out of the same occurrence in a single suit.'"  *Davis v. Wells Fargo*, 824
F.3d 333, 341 (3d Cir. 2016) (quoting *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247,
277 (3d Cir. 2014)).

A

The first and third elements of claim preclusion are met here.  Crawford filed a
Complaint in the U.S. District Court for the Eastern District of Washington that named
numerous defendants, including Aramark Corporation.  *See* Compl., *Crawford*, No. 25-
3009 (E.D. Wash. Jan. 22, 2025), Dkt. No. 1 at 3.  Crawford asserted that when he was
taken into custody by the Yakima County Department of Corrections in January 2025,
he "made it known that he is on a religious (Jewish-kosher) medical diet," "that he
would not eat anything until his dietary laws are met," and that "Aramark kept trying
to feed him an 'ovo' diet[,] which is not a religious or medical diet under Jewish law."
*See id.* at 3-5.

The court entered an order dismissing Crawford's Complaint for failure to state
a claim, concluding specifically as to Aramark that it was "unable to infer from the facts
presented that [Aramark] served [Crawford] nutritionally inadequate food that
presented an immediate danger to his health and well-being."  *See* Order, *Crawford*,
No. 25-3009 (E.D. Wash. Feb. 26, 2025), Dkt. No. 7 at 7-8.  The court granted Crawford
leave to file an amended complaint and warned him that a failure to do so would result
in dismissal of his case with prejudice for failure to state a claim.  *Id.* at 10-11.  After
Crawford failed to file an amended complaint in the allotted time, the court entered a
second order, dismissing the Complaint with prejudice because Crawford "alleged no
facts showing how the 'OVO' diet is a nutritionally deficient diet inconsistent with his
religion or that identified Defendants denied him 'a reasonable opportunity of pursuing
his faith,'" nor had he pleaded "any facts showing a policy or practice by Aramark
interfered with the exercise of his sincerely held religious beliefs."  Order, *Crawford*,

6

No. 25-3009 (E.D. Wash. May 5, 2025), Dkt. No. 9 at 2-3 (first quoting *Cruz v. Beto*, 405 U.S. 319, 322 & n. 2 (1972); then citing *Shakur v. Schriro*, 514 F.3d 878, 884 (9th Cir. 2008)).  The court entered its final judgment separately.  *See Crawford*, No. 25-3009 (E.D. Wash. May 5, 2025), Dkt. No. 10.

Crawford's Complaint filed in this Court repeats the same core allegation: that Aramark provided him with an "ovo lacto" diet rather than a "Jewish kosher" diet. Crawford's claims are thus based on the same cause of action as the case in the Eastern District of Washington, where there was a final judgment on the merits.  *See Davis*, 824 F.3d at 342 ("[R]es judicata generally is thought to turn on the essential similarity of the underlying events giving rise to the various legal claims.  In short, the focus is on facts rather than legal theories." (citations omitted)).

B

The second claim preclusion element is met as well.  Crawford named Aramark Corporation as a defendant in the prior suit, and here he sues Aramark CEO John Zillmer.  However, this is a distinction without a difference, as Zillmer is clearly in privity with Aramark for the purposes of the second element of claim preclusion.  *See Marmon*, 726 F.3d at 394.  Privity is "merely a word used to say that the relationship between one who is a party on the record and another is close enough to include that other within the *res judicata*."  *E.E.O.C. v. U.S. Steel Corp.*, 921 F.2d 489, 493 (3d Cir. 1990) (citation omitted); *see also Taylor v. Sturgell*, 553 U.S. 880, 894 n.8 (2008) (defining privity).  "[A] lesser degree of privity is required for a new defendant to benefit from claim preclusion than for a plaintiff to bind a new defendant in a later action." *Lubrizol Corp. v. Exxon Corp.*, 929 F.2d 960, 966 (3d Cir. 1991).  Claim preclusion "may

7

be invoked against a plaintiff who has previously asserted essentially the same claim against different defendants where there is a close or significant relationship between successive defendants." *Russomanno v. Dugan*, No. 21-2004, 2021 WL 4075790, at *3 (3d Cir. Sept. 8, 2021) (quoting *Gambocz v. Yelencsics*, 468 F.2d 837, 841 (3d Cir. 1972)); *cf. Taylor*, 553 U.S. at 895 ("[A] party bound by a judgment may not avoid its preclusive force by relitigating through a proxy."). Zillmer, as CEO, is in privity with Aramark, so Crawford's claims are precluded. *See Lubrizol Corp. v. Exxon Corp.*, 871 F.2d 1279, 1288 (5th Cir. 1989) (collecting cases for the proposition that "employer-employee or principal-agent relationships may ground a claim preclusion defense, regardless which party to the relationship was first sued"); *Killick v. Smidt*, No. 23-203, 2023 WL 7009882, at *3 (N.D. Fla. Sept. 21, 2023), *report and recommendation adopted*, 2023 WL 7004961 (N.D. Fla. Oct. 24, 2023) (collecting cases and holding that a CEO of a company was in privity with the company).

IV

For the foregoing reasons, the Court will grant Crawford leave to proceed in forma pauperis and dismiss his Complaint with prejudice for failure to state a claim, pursuant to 28 U.S.C. § 1915. Amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). An appropriate Order will be entered separately. *See* Fed. R. Civ. P. 58(a).

**BY THE COURT:**

*/s/ Gerald J. Pappert*
**GERALD J. PAPPERT, J.**

8